**UNITED STATES of America,**
**Plaintiff,**

v.

**Patricia Campbell HEARST, Defendant.**

**Cr. No. 74–364–OJC.**

United States District Court,
N. D. California.

March 4, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, David P. Bancroft, Edward P. Davis, Jr., Asst. U. S. Attys., San Francisco, Cal., for the United States.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Thomas J. May, Brookline, Mass., for defense.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

OLIVER J. CARTER, Chief Judge.

The defendant moved to suppress evidence discovered at the residence of William and Emily Harris located at 288 Precita Avenue, San Francisco, California on the ground that the search conducted of those premises by Government agents violated the defendant's Fourth Amendment rights.

It is the finding of this Court, however, that the defendant lacks standing to complain of any Fourth Amendment violation; her motion will therefore be denied.

The controlling case on the question of a defendant's standing to suppress evidence obtained through an unconstitutional search and seizure is *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). The petitioners in that case were convicted of transporting stolen goods and conspiracy to commit such offense. Much of the physical evidence offered against them was obtained in a search of a co-conspirator's store pursuant to a defective search warrant. There was no allegation that the petitioners had any proprietary or possessory interest in the premises searched. The Court's holding was as follows:

> [T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. [*Id.* at 229, 93 S.Ct. at 1569, 36 L.Ed.2d at 214].

See also *United States v. See,* 505 F.2d 845, 854 n.15 (9th Cir. 1974).

■ None of the above requirements relating to standing is satisfied by the defendant in this case. She was arrested at a different address and was not present when the Precita Avenue premises were searched. She has not been charged with any offense giving rise to "automatic standing", that is, one which includes possession of the evidence seized as an essential element. *See Jones v.*

*United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Finally, she has not alleged a proprietary or possessory interest in the premises searched. but in fact has specifically denied such interest while testifying on the witness stand (Reporter's Transcript 1737: 15–19).

 Defense counsel has argued that the Government should not be permitted to "have it both ways" by asserting, on the one hand, the defendant's proprietary or possessory interest for the purpose of showing the relevance of the evidence seized, while disputing, on the other hand, such proprietary or possessory interest for the purpose of questioning the defendant's standing to challenge the admissibility of the evidence on Fourth Amendment grounds. In pressing this argument, however, counsel fails to recognize the distinction between proprietary or possessory interest in the *items seized* and the proprietary or possessory interest in the *premises searched.* Only the latter was a critical factor in the *Brown* decision, *supra.*

In ruling on the admissibility of other items found at the 288 Precita address, the Court noted that the appearance of the defendant's fingerprints upon such items was circumstantial evidence of her *presence* there (Reporter's Transcript 1032: 11); it did not rule that these fingerprints were evidence of the defendant's proprietary or possessory interest in these premises. As noted above, the defendant denied ever having been at the premises in issue and has never alleged any proprietary or possessory interest in them. In short, notwithstanding that there *may* have been a violation of the rights of William and Emily Harris, who clearly did have the requisite proprietary interest in the 288 Precita premises, it is a settled principle of law that "Fourth Amendment rights are personal rights which, like some other constitutional rights may not be vicariously asserted." *Brown v. United States, supra* 411 U.S. at 230, 93 S.Ct. at 1570, 36 L.Ed.2d at 214. Since the search conducted of these premises violated no personal constitutional rights of this defendant, she is without standing to suppress the evidence obtained thereby. As to the constitutionality of the challenged search with respect to the rights of persons other than the defendant, the Court intimates no opinion.

Accordingly, IT IS ORDERED that the defendant's motion to suppress be, and the same is hereby, denied.